IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**LONNIE GOODRICH,**

      Petitioner,

v.                                           CIVIL ACTION NO.: 3:23-CV-78 (GROH)

**WARDEN BROWN,**

      Respondent.

## ORDER DISMISSING PETITION

Pending before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking to vacate the Petitioner's 210-month sentence[1] imposed pursuant to his conviction for controlling a residence for the purpose of using and distributing cocaine base, in the Western District of Missouri, case number 4:11-CR-303. See ECF No. 1.

A case must be dismissed if a petitioner does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (applying the Twombly standard and emphasizing the necessity of *plausibility*). Further, in proceedings where the prisoner appears *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Following his April 27, 2012, conviction on Count 1 of the indictment, following a bench trial, the Petitioner was sentenced to a term of 210 months of incarceration on September 27, 2012. W.D. Mo. 4:11-CR-303, ECF Nos. 87, 104.

Prisoners seeking to challenge the validity of their convictions or sentences are required to proceed under 28 U.S.C. § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus pursuant to § 2241 is generally intended to address the execution of a sentence and should be filed in the district where the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015).

Although § 2255 expressly prohibits a prisoner from challenging their conviction or the imposition of their sentence through a § 2241 petition, there is nonetheless a "saving clause" that permits an otherwise prohibited challenge under § 2241 if they show § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 due to (1) a limitation bar, (2) the prohibition against successive petitions, or (3) a procedural bar from failure to raise the issue on direct appeal. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective," and the standard is an exacting one. The Supreme Court held in Jones v. Hendrix, 599 U.S. 465, 143 S.Ct. 1857 (2023), that a petitioner cannot use a § 2241 petition to mount a successive collateral attack on the validity of a federal sentence. See also Hall v. Hudgins, 2023 WL 436358, (4th Cir. 2023).

The Supreme Court's decision in Hendrix invalidates the tests previously established by the Fourth Circuit for a petitioner to challenge the legality of his conviction or sentence. See In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000) and United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018). Because the requirements of the saving

clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) saving clause must strictly meet the statutory test for this Court to have subject matter jurisdiction. Absent subject matter jurisdiction, there is nothing left for the Court to do but dismiss a case.

Here, the Petitioner alleges that he is entitled to relief because he was sentenced as a career offender under a provision of the United States Sentencing Guidelines § 4B1.2(b), which has subsequently been amended. ECF No. 1 at 5. As relief, the Petitioner requests that the Court release him from incarceration. Id. at 11. In support for his claims, the Petitioner asserts that his sentence has "legally expired" based on the amendments to the Sentencing Guidelines. Id.

The Petitioner does not rely on newly discovered evidence or a new rule of constitutional law. Thus, relief under 28 U.S.C. § 2255(h) is inappropriate. For the Petitioner to obtain relief under § 2241, he must rely on the narrowly tailored application of § 2255(e). The Petitioner cannot meet this limited exception.

Because the Petitioner cannot satisfy § 2255(e), his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his Petition. When subject matter jurisdiction does not exist, "the only function remaining to the [C]ourt is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998) (internal citation omitted); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

This Court lacks subject matter jurisdiction. Therefore, the Petitioner's § 2241 Petition is **DENIED AND DISMISSED WITHOUT PREJUDICE.** ECF No. 1.

The Clerk of Court is **DIRECTED** to remove this case from the Court's active

docket. The Clerk is further **DIRECTED** to forward a copy of this Order to all counsel of record and to mail a copy to the Petitioner, certified mail, return receipt requested, at his last known address.

    **DATED**:  October 25, 2023

_____
GINA M. GROH
UNITED STATES DISTRICT JUDGE

Case 3:23-cv-00078-GMG-RWT   Document 10   Filed 10/25/23   Page 4 of 4  PageID #: 52